UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY MEEKS,

    Plaintiff,

vs.

KEYBANK N.A. & PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY d/b/a
AMERICAN EDUCATION SERVICES,

    Defendants.

_____/

CASE NO. 8:18 cv 2355 T 33 JSS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Tiffany Meeks ("Plaintiff"), alleges the following Complaint against Defendants, KeyBank N.A. ("KeyBank") and Pennsylvania Higher Education Assistance Agency D/B/A American Education Services ("AES").

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") against KeyBank, and for violations of the TCPA, FCCPA, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") against AES.

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and the FDCPA.

3. KeyBank is a foreign company that conducts business in Florida. The actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4. KeyBank is a "person" subject to regulation under Fla. Stat. § 559.72.

-1-



5. AES is a foreign company that conducts business in Florida. The actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

6. AES is a "person" subject to regulation under Fla. Stat. § 559.72 and a debt collector as defined by the FDCPA.

7. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (912-XXX-2985) ("Cell Phone 1"), and was the called party and recipient of Defendants' autodialer calls.

8. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813-XXX-7100) ("Cell Phone 2"), and was the called party and recipient of Defendants' autodialer calls.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA & FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff allegedly incurred a consumer debt with KeyBank in which KeyBank and AES were attempting to collect. ("Subject Debt").

12. The Subject Debt is considered a "consumer debt" as defined by the FCCPA FDCPA, as it constitutes an obligation for the payment of money arising out of a transaction in

which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

13. In or around January, 2018, Plaintiff fell behind on her payments due to financial hardship.

14. Shortly thereafter, KeyBank began calling her cell phones in an attempt to collect the subject debt.

15. KeyBank routinely used an automatic telephone dialing system ("ATDS") to call Plaintiff on her cellular phones, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that KeyBank stop calling her cellular phones.

16. KeyBank placed calls to Plaintiff's cell phones using an artificial voice on multiple occasions.

17. KeyBank placed calls to Plaintiff's cell phones using a pre-recorded voice on multiple occasions.

18. On multiple occasions, Plaintiff informed KeyBank that she could not afford to pay the subject debt and requested KeyBank to stop calling her cell phones.

19. Further, on July 31, 2018, Plaintiff e-mailed KeyBank and requested them to stop calling Cell Phone 1.

20. Despite Plaintiff's requests, KeyBank continued to place calls to Plaintiff's Cell Phone 1 using an ATDS, artificial voice, and pre-recorded message in an attempt to collect the subject debt.

21. At some point before 2018, KeyBank transferred or sold the subject debt to AES in an attempt to have them collect the subject debt from Plaintiff.

22. AES began placing ATDS calls to Plaintiff's cell phones in an attempt to collect the subject debt.

23. Further, AES placed calls to Plaintiff's cell phones using an artificial voice.

24. AES placed calls to Plaintiff's cell phones using a pre-recorded voice.

25. On multiple occasions, Plaintiff requested AES to stop calling her cell phones as she could not afford to pay the subject debt.

26. Further, on August 13, 2018, Plaintiff's counsel at the time sent AES a letter informing them that Plaintiff was represented by counsel and to not communicate with Plaintiff any longer. *See* **Exhibit A.**

27. Despite this, AES has continued to place calls to Plaintiff's cell phones in an attempt to collect the subject debt.

28. Further, on multiple occasions, Plaintiff would make a payment to AES and then shortly thereafter, AES would place automated calls to Plaintiff's cell phones in an attempt to collect the subject debt.

29. Despite Plaintiff's requests, AES continued to place calls to Plaintiff's cell phones using an ATDS, artificial voice, and pre-recorded messages in an attempt to collect the subject debt.

30. Despite Plaintiff informing the Defendants for her reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendants continued their efforts to try and collect the Subject Debt from Plaintiff. As a result, the Defendants' subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

31. The above-referenced conduct was a willful attempt by Defendants to engage in conduct which was reasonably expected to abuse or harass Plaintiff. Defendants' conduct has caused Plaintiff significant anxiety, emotional distress, frustration, and anger.

## COUNT I- KEYBANK

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

34. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

36. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

37. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular

telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

### COUNT II-KEYBANK

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

38. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

### COUNT III- AES

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT 48 U.S.C. § 227 *et seq.*

41. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

42. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

43. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

44. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

45. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

46. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

### COUNT IV-AES

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
FLORIDA STATUTES § 559.55 *et seq.***

47. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

   b. Fla Stat. 559.72(18): Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…

49. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT V-AES

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 § *et seq.*

50. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though stated fully herein.

51. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §1692b(6), 1692d and 1692d(5).

52. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

-9-

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ _____
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Ave
St. Petersburg, Florida 33707
(727) 344-0123(office)
*Attorneys for Plaintiff*